IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD J. LUCERO, | No. 2:10-cv-2132 LKK AC P |
| Plaintiff, | |
| vs. | |
| STEPHEN MAYBERG, et al., | |
| Defendants. | |
| _____/ | |
| RONALD J. LUCERO, | No. 2:12-cv-0146 LKK AC P |
| Plaintiff, | |
| vs. | |
| GARY STANTON, et al., | |
| Defendants. | ORDER |
| _____/ | |

Plaintiff is a civil detainee proceeding pro se with an action under 42 U.S.C. § 1983. These related cases will be set for a settlement conference before the Magistrate Judge Gregory G. Hollows on Wednesday, March 27, 2013 at 9:00 a.m. in Courtroom #9 at the U. S. District Court, 501 I Street, Sacramento, California 95814. Plaintiff is to appear by video

1

conference from his current place of detention.

A separate order and writ of habeas corpus ad testificandum will issue with this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference on March 27, 2013, at 9:00 a.m. in Courtroom #9, at the U. S. District Court, 501 I Street, Sacramento, CA 95814 before the Honorable Gregory G. Hollows.

2. Plaintiff shall personally attend, via video conference.

3. Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

4. Parties are to provide a confidential settlement statement to Sujean Park, ADR Coordinator, 501 I Street, Suite 4-200, Sacramento, California 95814, or by email to spark@caed.uscourts.gov, so that each such statement arrives no later than March 15, 2013.

5. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in

////

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences... ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).

1 person may result in the imposition of sanctions.  In addition, the conference will not proceed
2 and will be reset to another date.
3 DATED: December 10, 2012.

> ALLISON CLAIRE
> UNITED STATES MAGISTRATE JUDGE

AC:009/sp
luce2132med(c)