IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD J. LUCERO,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MAYBERG, et al.,<br><br>Defendants.<br>_____/ | No. 2:10-cv-2132 LKK AC P |
| RONALD J. LUCERO,<br><br>Plaintiff,<br><br>v.<br><br>GARY STANTON, et al.,<br><br>Defendants.<br>_____/ | No. 2:12-cv-0146 LKK AC P<br><br><u>ORDER AND</u><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

In these related cases, currently set for a settlement conference before the Honorable Gregory G. Hollows on March 27, 2013, plaintiff filed a motion on January 24, 2013 for a temporary restraining order and preliminary injunction with respect to the defendants in Lucero v. Stanton, No. 2:12-cv-0146 LKK AC P. ECF No. 21. Pursuant to order of this court,

1

ECF No. 23, defendants have filed an opposition to the motion and plaintiff has replied. ECF Nos. 24, 27.

### Background

#### *Underlying Complaint in Case No. 12-cv-0146*

Plaintiff was found not guilty of a criminal offense by reason of insanity, and was civilly committed to a state hospital pursuant to Cal. Pen. Code § 1026. Plaintiff claims that when he was housed at Solano County Jail (SCJ) in 2011, in relation to proceedings in Solano County Superior Court pursuant to Cal. Pen. Code § 1026.2 (regarding restoration to sanity), his conditions of confinement violated his constitutional rights. Complaint, pp. 1- 2. Magistrate Judge Delaney ordered service of the complaint on the following defendants: Solano County; Solano County Sheriff Gary Stanton; Solano County Commander Roderick Marsh; and Solano County Correctional Sergeants (or Officers) Margo Cullison and Tina Arcand. ECF No. 5.

Plaintiff alleges that defendants violated his Fourteenth Amendment due process and equal protection rights by (1) confining him in administrative segregation from July 18 to August 17, 2011, and (2) housing him in general population as a "prisoner" thereafter until his return to Atascadero State Hospital on November 9, 2011. Plaintiff contends that as a "civil commitment" he may not be treated as a criminally convicted "prisoner." He alleges that he was denied necessary mental health treatment and denied privileges to which he was entitled as a civil detainee. Plaintiff seeks declaratory and injunctive relief as well as an award of compensatory and punitive damages. Complaint, ECF No. 1.

#### *California Statutory Scheme Governing Release Of Insanity Acquittees*

Cal. Pen. Code § 1026.2 sets forth the procedures to be followed when a person, committed to a state hospital following a verdict of not guilty by reason of insanity, applies for release on the ground that his sanity has been restored. An application for release is made to the superior court of the county from which the commitment was made, and a hearing is set. Cal. Pen. Code § 1026.2(a). Pending the hearing, the medical director of the facility where the person

is confined forwards a summary of the treatment programs for the person to the community program director (or designee) and to the court. The community program director (or designee) must "designate a facility within a reasonable distance from the court in which the person may be detained pending the hearing on the application for release. The facility so designated shall continue the program of treatment, shall provide adequate security, and shall, to the greatest extent possible, minimize interference with the person's program of treatment." Cal. Pen. Code § 1026.2(b). At the hearing, the court determines whether supervision and treatment in the community would pose a danger to the health and safety of others. Cal. Pen. Code § 1026.2(e).

*Defendants' Request for Judicial Notice*

Defendants request judicial notice of the state court's adjudication of petitioner's 2011 petition for restoration of sanity. The court hereby grants the request.[1] Defendants' Exhibit A is a certified copy of the Solano County Superior Court's October 31, 2011 order denying plaintiff's petition for release and determining him to be "a danger to the health and safety of others." Plaintiff was found not to have been restored to sanity and was ordered to be returned to Atascadero State Hospital, "pursuant to Penal Code section 1026 under the lifetime commitment order filed March 25, 2002." ECF No. 24-2.

Motion

By his motion for a temporary restraining order and preliminary injunction, plaintiff seeks an order requiring defendants to provide him with what he claims are appropriate accommodations during his anticipated and imminent return to SJC for further proceedings in superior court. In sum, plaintiff seeks a guarantee of mental health treatment and designation as a civil detainee. See Motion (ECF No. 21).

Plaintiff anticipates a return to SCJ because on January 9, 2013 he submitted a new

---

[1] A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

petition for release under Cal. Pen. Code § 1026.2. He claims that once the petition is accepted and filed, his transfer to the custody of the defendants will be imminent. ECF No. 21. In his reply, plaintiff indicates that he is to be housed at SCJ as of February 25, 2013. ECF No. 27. He has not yet provided the court with a notice of change of address (pursuant to L.R. 182(f)) and does not provide evidence to substantiate that his transfer is either imminent or has taken place.

### *Standards Governing Issuance of Temporary Restraining Order*

The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent, however, that requests for temporary restraining orders which are not ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction.[2] See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990). Courts frequently focus on irreparable harm and the balance of hardships, because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

### *Standards Governing Issuance of Preliminary Injunction*

"A preliminary injunction is an 'extraordinary and drastic remedy'. . . never awarded as of right." Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (internal citations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the

---

[2] To the extent that plaintiff intended this to be an ex parte motion for a TRO without notice, the undersigned notes that Fed. R. Civ. P. 65 imposes stringent requirements for issuance of such an order, requirements which plaintiff has not met. Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). Rule 65(b)(1) permits issuance of a TRO without "notice to the adverse party or its attorney, only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury . . . will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

4

merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).  A preliminary injunction is appropriate when a plaintiff demonstrates . . . "serious questions going to the merits and a hardship balance [] tips sharply toward the plaintiff, ... assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

*Analysis*

Likelihood of Success on the Merits

In opposition to the motion, defendants dispute plaintiff's theory that insanity acquittees are distinct for relevant purposes from those convicted of crimes, and must instead be treated like civilly committed psychiatric patients. Defendants cite Hartman v. Summers, 878 F. Supp. 1335, 1346 (C.D. Cal. 1995), which rejected a challenge to Cal. Penal Code § 1026.2.  The court in Hartman found that the state may treat insanity acquittees differently from persons

5

subject to civil commitment because the two groups are not similarly situated. Id.  California courts have found "no difficulty in differentiating the circumstances of insanity acquittees and civilly committed persons." People v. Beck, 47 Cal. App. 4th 1676, 1686 (1996).[3]  State law on this point is consistent with U.S. Supreme Court precedent. See Jones v. United States, 463 U.S. 354, 367-368 (1983) (discussing "important differences" between insanity acquittees and civilly committed persons).  Although none of these authorities speak directly to the Eighth and Fourteenth Amendment rights of insanity acquittees in relation to conditions of confinement pending hearings under § 1026.2, the cited cases indicate the difficulties that plaintiff faces in establishing his right to relief on the merits.   On the specific issue of his entitlement to classification and housing as a civil detainee, plaintiff is unlikely to prevail.

For purposes of this motion, the undersigned will assume without deciding that Cal. Pen. Code § 1026.2 creates a protected liberty interest in receiving continuing mental health treatment while in local custody pending hearing on a petition for release. See Cal. Pen. Code § 1026.2(b) (requiring local facility to continue the insanity acquittee's program of treatment and, to the greatest extent possible, minimize interference with the person's program of treatment).  It is not possible on the undeveloped record presently before the court, however, to assess plaintiff's likelihood of establishing that his conditions of confinement pending the 2011 hearing were unjustified by security concerns or other factors contemplated by the statute.

Likelihood of Irreparable Harm

Plaintiff has not demonstrated that he has been, or will be, transferred back to SCJ. Even assuming that local custody is imminent, plaintiff has presented no more that his own fear that § 1026.2(b) will be violated.  Speculative injury does not constitute irreparable harm. See

---

[3] "Insanity acquittees 'themselves have raised the issue of their legal insanity as a defense in criminal proceedings.' " Beck, 47 Cal. App. 4th at 1686 (internal citation omitted). "Moreover, insanity acquittees [have] 'demonstrated dangerousness by committing a criminal offense . . . . [T]here has been an adjudication that [they] committed a criminal act and [were] legally insane when [they] did so.' " Id.

6

Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). A presently existing actual threat must be shown, although the injury need not be certain to occur. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine Servs. Co., 844 F.2d at 674. Plaintiff has not shown that without injunctive relief from this court he is likely to suffer irreparable harm.

Moreover, as defendants point out, California law provides a remedy for any failure to accommodate an insanity acquittee's treatment needs while in pre-hearing custody. Pursuant to § 1026.2(c):

> a county jail may not be designated unless the services specified in subdivision (b) are provided and accommodations are provided which ensure both the safety of the person and the safety of the general population of the jail. If there is evidence that the treatment program is not being complied with or accommodations have not been provided which ensure both the safety of the committed person and the safety of the general population of the jail, the court shall order the person transferred to an appropriate facility or make any other appropriate order, including continuance of the proceedings.

This section provides plaintiff with a mechanism for challenging the conditions of his confinement at SCJ, and entrusts the state court hearing the release petition with responsibility for ensuring compliance with § 1026.2(b). There has been no showing that the superior court is unable to perform this function. Accordingly, plaintiff has not demonstrated a likelihood of irreparable harm by the denial of mental health treatment.

Because plaintiff has not stated a colorable claim that he is constitutionally entitled to be classified and housed as a civil detainee, even the non-speculative likelihood that he will be denied such status in the future does not constitute a cognizable harm.

### Balance of the Equities

Given the availability of a remedy in state court for any deprivation of necessary

mental health treatment, the balance of the equities weighs against injunctive relief. Plaintiff's request for injunctive relief seeks federal court interference with the operation of a local correctional facility in relation to an ongoing state court proceeding under the California Penal Code. Such interference is highly disfavored. See Younger v. Harris, 401 U.S. 37 (1971) (federal courts should abstain from interference in state criminal proceeding); Huffman v. Pursue, 420 U.S. 592, 607 (1975) (Younger principles apply to request for injunction affecting state civil proceeding); Middlesex County Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 431 (1982) (same); Rizzo v. Goode, 423 U.S. 362, 380 (1976) (comity concerns weigh against injunctive relief against local law enforcement agency). Defendants have not moved for abstention, and the undersigned makes no findings regarding the applicability of Younger principles to the case generally. However, the general policy against interference in the ongoing proceedings of state courts and executive agencies weighs against granting plaintiff's instant motion for preliminary injunctive relief.

### Public Interest

The interest of the public in community safety is adequately protected by Cal. Pen. Code § 1026.2. The interests of the public in federal-state comity are best served by this court's exercise of restraint. No identifiable public interest would be served by injunctive relief.

### Conclusion

For all the reasons set forth above, plaintiff has not established his entitlement to injunctive relief. If and when he is in the custody of the Solano County Jail, concerns about his present and future conditions of confinement should be directed at least in the first instance to the Solano County Superior Court.

Plaintiff has presented an alternative request that this court declare him to be a civilly committed person entitled to the provisions set forth under Cal. Pen. Code § 1026. He seeks this form of relief in response to defendants' argument that plaintiff is not civilly committed. The request should be denied. The statute by its terms governs insanity acquittees

such as plaintiff, who are legally distinct from civilly committed persons. There is no basis for declaratory relief.

IT IS HEREBY ORDERED that the Clerk of Court serve plaintiff with these Findings and Recommendations both at his address of record and at the following address:

> Solano County Justice Center Detention Facility
> 500 Union Avenue
> Fairfield, CA 94533

IT IS HEREBY RECOMMENDED that plaintiff's motion for a temporary restraining order or preliminary injunction in Case No. 2:12-cv-0146 (ECF No. 21) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Courts order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 27, 2013,

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
luce0146.fr

9